**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| FARMERS INSURANCE COMPANY OF FLEMINGTON, | |
| Plaintiff, | Civil Action No. 14-5599 (MAS) (LHG) |
| v. | **MEMORANDUM OPINION** |
| BOOMERANG RECOVERIES, LLC, | |
| Defendant. | |

**SHIPP, District Judge**

 This matter comes before the Court on motions from both Plaintiff Farmers Insurance Company of Flemington ("Plaintiff" or "Farmers") and Defendant Boomerang Recoveries, LLC ("Defendant" or "Boomerang").  Boomerang has moved to dismiss the action on several grounds, including lack of personal jurisdiction, improper venue, and the existence of a purportedly first-filed action. (ECF No. 4.)  In addition, Farmers filed its own motion, requesting permission to deposit funds with the Court pursuant to Rule 67(a) of the Federal Rules of Civil Procedure. (ECF No. 10.)  The Court, having considered the parties' arguments, denies both Defendant's motion to dismiss and Plaintiff's motion to deposit funds with the Court.[1]

**I.**  **Background**

 This case involves a dispute over the operation and functioning of a contract between the parties.  To that end, Plaintiff has brought suit against Defendant, asserting a variety of claims, specifically breach of contract, fraud, misrepresentation, breach of an implied covenant, unjust enrichment, tortious interference, and negligence.  Plaintiff requests money damages, injunctive

---

[1] The Court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1332.

relief, and declaratory relief.

The following background information addresses only those allegations and facts relevant to the motions under consideration. Plaintiff is a New Jersey corporation located principally in Flemington, New Jersey. (Compl. ¶ 1, ECF No. 1.) Defendant is a Texas corporation located in McGregor, Texas. (*Id.* ¶ 2.) In the fall of 2012, representatives for both Plaintiff and Defendant—namely Scott St. Angel and James Chambers, respectively—attended the National Association of Mutual Insurance Companies Convention in Texas. (*Id.* ¶ 5; Aff. of Scott St. Angel ("St. Angel Aff.") ¶ 12, ECF No. 7-1.) It was at this convention that Farmers became aware of Boomerang's services, which, in essence, assist insurance companies in recovering funds that were overpaid or paid in error to a reinsurance company. (*See id.* ¶ 6.) Upon returning to New Jersey, Chambers emailed St. Angel, following up on their previous conversations and providing a statement of the benefits available to Farmers by engaging with Boomerang. (*Id.* ¶ 9.) After St. Angel referred Chambers to Farmers' claims manager, Patrick Allard, Chambers emailed Allard a signed contract, again providing a statement of the benefits available to Farmers and the prospective terms of their agreement. (*Id.* ¶¶ 8-10.) Chambers emailed Allard several more times over the course of the next seven months, and in June 2013, Boomerang representatives travelled to Plaintiff's New Jersey office to further pitch their services and ultimately executed the contract at issue.[2] (*Id.* ¶¶ 11-14, 17; St. Angel Aff. ¶ 14.) Subsequently, Chambers and other Boomerang representatives sent emails and correspondence in furtherance of the contract. It is the terms of the contract and the nature and validity of certain representations of Boomerang that are at issue.

---

[2] Defendant ignores, and thus does not dispute, Plaintiff's assertion, supported by affidavit, that Boomerang representatives travelled to New Jersey and the contract in question was signed in New Jersey.

## II.    Legal Standards

Motions to dismiss for lack of personal jurisdiction are governed by Rule 12(b)(2) of the Federal Rules of Civil Procedure.  "On a motion under [Rule] 12(b)(2), the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish jurisdiction." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 632 (D.N.J. 2004) (citing *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).  "A court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff." *Id.* at 633 (citing *Carteret*, 954 F.2d at 142 n.1).  Yet, where there is a dispute, the plaintiff must substantiate the allegations in the complaint supporting jurisdiction with proofs.  *Id.* (citing *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 785 F.2d 61, 66 n.9 (3d Cir. 1984)).  "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Id.* (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992)).

Motions to dismiss based on improper venue are governed by Rule 12(b)(3).  In contrast to personal jurisdiction, the burden is on the moving party to show improper venue.  *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).  Similar to a motion based on personal jurisdiction, a court must accept the allegations of the complaint as true, unless contradicted by the defendant. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012).

## III.    Discussion

### A.    Personal Jurisdiction

Defendant asserts that the Court lacks personal jurisdiction over its person.[3]  "Where the

---

[3] A federal court may exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Prods. Co v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998) (internal quotation marks omitted).  "[T]he

3

defendant has raised a jurisdictional defense, the plaintiff bears the burden of establishing either that the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has continuous and systematic contacts with the forum state (general jurisdiction)." *Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993) (internal quotation marks omitted). Here, Plaintiff has disclaimed reliance on general jurisdiction and instead asserts that the Court has specific jurisdiction over Defendant's person. "Specific jurisdiction is established when a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In other terms, "[s]pecific jurisdiction exists only where the defendant has sufficient minimum contacts with the forum state that it 'should reasonably anticipate being haled into court there.'" *DiVeronica Bros.*, 983 F.2d at 554 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction," and "territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there." *Rudzewicz*, 471 U.S. at 475 n.18, 476 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)); *see also Deutz AG*, 270 F.3d at 150 ("Specific jurisdiction frequently depends on physical contacts with the forum. Actual presence during pre-contractual negotiations, performance, and resolution of post-contract difficulties is generally factored into the jurisdictional determination."). Because the existence of specific jurisdiction depends on a link between the defendant's activity and the resulting harm, specific jurisdiction is necessarily claim specific. *See Remick v. Manfredy*, 238 F.3d 248, 255

---

New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

(3d Cir. 2001).

Certain jurisdictional principles apply in the context of contract-based claims. While a contractual relationship with a forum-state party alone does not establish jurisdiction, other factors characteristic of a continued contractual relationship will support jurisdiction, including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Rudzewicz*, 471 U.S. at 478-79; *see also Deutz AG*, 270 F.3d at 150-51; *Remick*, 238 F.3d at 256 ("In determining jurisdiction over a breach of contract claim, we must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing."). In addition, "a choice-of-law provision should [not] be ignored in considering whether a defendant has purposefully invoked the benefits and protections of a State's law for jurisdictional purposes"; however, "such a provision standing alone" is not determinative in the jurisdictional analysis. *See Rudzewicz*, 471 U.S. at 482 (internal quotation marks omitted).

Once minimum contacts have been established, the Court must ensure that its jurisdiction "comport[s] with 'fair play and substantial justice.'" *Rudzewicz*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Considerations include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* at 476-77 (internal quotation marks omitted). However, in order to defeat jurisdiction otherwise supported by substantial and targeted contacts, these factors "must present a compelling case . . . render[ing] jurisdiction unreasonable." *Id.* at 477.

Here, Plaintiff has satisfied the Court that its exercise of specific personal jurisdiction over Defendant, with respect to all asserted claims, satisfies minimum contacts and due process considerations. Boomerang's conduct evinces intentional efforts to obtain business from Farmers, a New Jersey entity, and to provide its services to Farmers over the course of their business relationship. For one, and perhaps most importantly, Boomerang representatives travelled to New Jersey to further pitch their services and, while in New Jersey, executed the contract that is the subject of the dispute. In addition, both before and after the parties signed the contract, Boomerang employees engaged in a variety of communications with Farmers, which is located in New Jersey, both in an effort to obtain Farmers' business and then later to service that business. While the parties' choice-of-law provision did not specify New Jersey law,[4] that fact alone is not determinative. *See Koff v. Brighton Pharm., Inc.*, 709 F. Supp. 520, 529 (D.N.J. 1988) (denying motion to dismiss and transfer based solely on parties' choice of law). All of Plaintiff's claims relate to Boomerang's conduct and representations made in connection with the services to be provided under its agreement with Farmers. Accordingly, the Court possesses personal jurisdiction over Boomerang with respect to all claims asserted by Farmers.

## B. Venue

Defendant also moves to dismiss based on improper venue. Venue is governed by 28 U.S.C. § 1391(b). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[4] The parties' agreement specified that Texas law governed the terms of the contract. (Def.'s Reply Br. 9 n.5, ECF No. 8.)

*Id.*  As Plaintiff effectively concedes that § 1391(b)(1) is inapplicable, the Court need only determine if § 1391(b)(2) or (3) supply a basis for proper venue.  Defendant asserts that an insubstantial portion of the underlying facts took place in New Jersey and that venue is appropriate in the Western District of Texas.  The Court disagrees.  As discussed above, much of Boomerang's conduct that is the subject of the claims asserted took place in New Jersey, including the execution of the contract at issue and the allegedly fraudulent or false communications made to Farmers.  Accordingly, Defendant's motion to dismiss based on improper venue is denied.

      **C.**    **First-Filer**

Boomerang also asserts that the first-filer rule requires that the Court dismiss this action in favor of another action in the Western District of Texas.  Since Boomerang filed its motion, Plaintiff informed the Court that the Texas action was dismissed for lack of personal jurisdiction over Farmers.  (ECF No. 11.)  Accordingly, the Court denies Defendant's motion insofar as it seeks dismissal based on first-filer grounds, as the first-filer doctrine depends on the existence of a pending parallel action.  *See E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 974 (3d Cir. 1988).

**IV.**    **Motion to Deposit Funds**

Plaintiff moves to deposit $115,135.86 with the Court pursuant to Rule 67(a) and Local Civil Rule 67.1(a).  Plaintiff asserts that the sum to be deposited is the correct amount owed to Defendant under its own interpretation of their contract.  Defendant opposes the motion, claiming that Plaintiff intends to use Rule 67(a) for an improper purpose; Defendant, however, does not explicitly identify what that improper purpose is.  Rule 67(a) states:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a). Rule 67 is "intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute and not to provide a means of altering the contractual relationships and legal duties of each party." *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986). "Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court." *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990).

Here, as the case exists today, Defendant has not asserted any claim for the recovery of funds from Plaintiff. Rather, relevant to the Rule 67 motion, Plaintiff has asserted only a claim for breach of contract and seeks, *from Defendant*, the recovery of compensatory, consequential, and punitive damages. Rule 67(a) applies only to "relief sought" by a party to litigation. Fed. R. Civ. P. 67(a). As a result—and in an effort to avoid further complicating the parties' rights and liabilities—the Court denies Plaintiff's motion.

## V.   <u>Conclusion</u>

For the above reasons, the Court denies both Defendant's motion to dismiss and Plaintiff's Rule 67 motion. An order reflecting this decision accompanies this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date:   May 29, 2015